## EDNA C. R. WALKER
*vs.*
## THOMAS H. DENDY ET AL.

Superior Court          New Haven County          File No. 60310

MEMORANDUM FILED JUNE 28, 1941.

*Alfonce C. Fasano,* of New Haven, for the Plaintiff.
*Harry M. French,* of New Haven, for the Defendants.

FOSTER, J.  Dr. Frederick W. Comstock on and prior to February 2, 1928, was the record owner of the real estate described in the complaint, consisting of certain land and an apartment house located thereon. On that day he executed and delivered unto Joseph Cohen a mortgage of such real estate to secure a promissory note. On January 20, 1936, Joseph Cohen instituted suit in foreclosure of such mortgage, and judgment of foreclosure was entered by this court on February 14, 1936, a certificate of foreclosure being filed in the town clerk's office on March 5, 1936. On August 1, 1936, Joseph Cohen executed and delivered unto Helen L. Comstock, then the wife of Frederick W. Comstock, a quit-claim deed of the property, which deed was never recorded. On July 17, 1937, Frederick W. Comstock died, leaving a last will and testament, of which paragraph 1 is as follows: "I give and devise one-half of any real estate of which I may die possessed to my parents, Walter E. Comstock and Grace E. Comstock, and to the survivor of them, and the other one-half of any such real estate to my beloved wife, Helen Lyman Comstock, and in the event of the decease of the survivor of my parents before my decease, I give and devise the one-half of any real estate of which I may die possessed hereinbefore devised to my said parents, to my sister, Edna Comstock Reed."

At the time Frederick W. Comstock gave to Joseph Cohen the mortgage above mentioned, the property was encumbered by a first mortgage upon which was due about $17,500, such mortgage being superior to that given to Cohen. At that time a fair market value of the property was about $25,000. This real estate is not included in the inventory of the estate of Frederick W. Comstock on file in the probate court. The inventory of the estate so on file shows assets of $17,690.42 and allowed claims of $27,602.42. The records of the probate court therefore disclose the estate of Frederick W. Comstock, deceased, to be insolvent.

Some considerable time after the death of Frederick W. Comstock, his widow married Thomas H. Dendy and is now his wife. On June 13, 1938, Joseph Cohen executed and delivered unto Thomas H. Dendy a quitclaim deed of the real estate here under consideration, and on the same day Thomas H. Dendy executed and delivered unto Joseph Cohen a mortgage on the property for $2,400, subject to the first mortgage of $17,500 and certain taxes.

The plaintiff is the sister of Frederick W. Comstock, deceased, mentioned in his will. The defendant Helen L. C. Dendy was the widow of Frederick W. Comstock, deceased.

The plaintiff makes numerous claims, as also do the defendants. Much evidence was received and has been duly considered. It is only necessary to comment upon the controlling claims made by the plaintiff.

She claims her brother, being heavily indebted to numerous persons, among them Joseph Cohen, gave Joseph Cohen a mortgage to secure his debt and then conspired with Cohen, causing the latter to foreclose such mortgage and hold the title for the benefit of Comstock in fraud of Comstock's other creditors, and that at all times up to his death Comstock was the real owner of the property. She claims that since Comstock was the real owner of the property at the time of his death, she is entitled to one-half of it under the terms of his will. If she were allowed to recover under this claim, she would be the beneficiary of a fraud of which she claims her brother was guilty. A creditor might be heard to make such a claim; but not this plaintiff. She was not a creditor. She can have no greater legal title to the property than her brother had at his death. Her very claim negatives her right to recover under such claim. If it were true, that Comstock had

mortgaged the property to Cohen and consented to its foreclosure by Cohen in fraud of creditors, Comstock could not in his lifetime have recovered such property for himself. It is admitted that Comstock died insolvent. If any one has a right of action to recover on this claim of fraud it would be the executor of the estate or an administrator *cum testamento annexo* of the will or the estate. No action for the recovery of this property appears to have been instituted by any one representing the estate.

When Comstock gave Cohen a mortgage, he actually owed Cohen a large sum of money. Cohen actually foreclosed the mortgage, all interested parties having notice. What Cohen did with the property afterward cannot come under attack in this suit. Immediately before his death, Comstock had no legal or equitable right to recover the property from Cohen, though his creditors might have had such right if the plaintiff's claims of fraud were true.

Moreover, upon the admitted facts of the case, the estate of Comstock was and is insolvent. So, if the executrix or any one else representing the estate recovered the property, such executrix would be obliged to pay the debts of the estate before making distribution to devisees.

But I find no proof of fraud or conspiracy in this case. Comstock was undoubtedly harassed by his creditors, not the least of whom was Cohen. Some time after his death his widow remarried and very properly turned her financial affairs over to Thomas H. Dendy, even before he became her husband.

Other facts might be found. Other claims of law might receive comment.

Judgment is rendered in favor of the defendants against the plaintiff.